CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 2 9 2016

JULIA C. DUDLEY, CLERK
BY:
      DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| TROY DWAYNE ALTIZER, | ) |
| | ) Civil Action No. 7:14CV00432 |
| Plaintiff, | ) |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| CAROLYN W. COLVIN, Acting | ) |
| Commissioner of Social Security, | ) By: Hon. Glen E. Conrad |
| | ) Chief United States District Judge |
| Defendant. | ) |

The plaintiff, Troy Dwayne Altizer, has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claim for supplemental security income benefits under the Social Security Act, as amended, 42 U.S.C. § 1381 et seq. Jurisdiction of this court is established pursuant to 42 U.S.C. § 1383(c), which incorporates § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

By order entered September 3, 2014, the court referred this case to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B). On January 25, 2016, the magistrate judge submitted a report in which he recommends that the Commissioner's final decision denying plaintiff's entitlement to supplemental security income benefits be affirmed. Plaintiff has filed objections to the magistrate judge's report.

Mr. Altizer was born on March 25, 1964, and eventually completed the eighth grade in school. Plaintiff worked as an assistant manager and cook in a pizza restaurant, computer repairer, and newspaper stuffer and stacker. Apparently, he last worked on a regular and sustained basis in 2008. On May 27, 2011, Mr. Altizer filed an application for supplemental security income benefits. In filing for benefits, plaintiff alleged that he became disabled for all

forms of substantial gainful employment on July 1, 2008, due to lumbar spinal stenosis with radiculopathy and depression. Mr. Altizer now maintains that he has remained disabled to the present time.

Mr. Altizer's application was denied upon initial consideration and reconsideration. He then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated March 28, 2013, the Law Judge also ruled that plaintiff is not disabled. The Law Judge determined that Mr. Altizer suffers from chronic back pain with radiculopathy into the left leg, and depression. (TR 22). Because of these problems, the Law Judge held that plaintiff is disabled for his past relevant work roles. (TR 26). However, the Law Judge found that Mr. Altizer retains sufficient functional capacity for a limited range of light work. The Law Judge assessed plaintiff's residual functional capacity as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a range of light work as defined in 20 CFR 416.967(b). Specifically, the claimant is able to frequently lift and carry 10 pounds, occasionally lift and carry 20 pounds, sit for 6 hours in an 8-hour period, and stand and/or walk for a total of 4 hours in an 8-hour period. The claimant is unable to crawl or climb ladders, ropes, or scaffolds, and he is limited to occasional climbing of ramps or stairs. The claimant is capable of frequent balancing, kneeling, and crouching, but he is unable to perform jobs that involve concentrated exposure to extreme cold, wetness, vibration, or hazards. Limitations imposed by depression further restrict the claimant to jobs that do not require following more than 1-2 step job instructions.

(TR 24). Given such a residual functional capacity, and after considering Mr. Altizer's age, education, and prior work experience, as well as testimony from a vocational expert, the Law Judge found that plaintiff retains the ability to perform several specific light work roles existing in significant number in the national economy. (TR 27-28). Accordingly, the Law Judge

2

ultimately concluded that Mr. Altizer is not disabled, and that he is not entitled to supplemental security income benefits. (TR 28). See 20 C.F.R. § 416.920(g).

Mr. Altizer sought review of the Law Judge's decision by the Social Security Administration's Appeals Council. In connection with this request for review, plaintiff submitted a multitude of new medical documents, including follow-up hospital reports and an assessment from a treating physician. However, the Appeals Council eventually adopted the Law Judge's opinion as the final decision of the Commissioner.[1] (TR 1-4). Having now exhausted all available administrative remedies, Mr. Altizer has appealed to this court. See 42 U.S.C. § 405(g).

As previously noted, on September 3, 2014, the court referred this case to a magistrate judge for a report setting forth findings of fact, conclusions of law, and a recommended disposition. The magistrate judge filed a report on January 25, 2016. The magistrate judge recommended that the court affirm the final decision of the Commissioner denying plaintiff's entitlement to benefits. Stated succinctly, the magistrate judge recognized that Mr. Altizer has a history of lower back problems with radiation into the lower extremities. (Report at 6-7). The magistrate judge noted that plaintiff's treating physicians at the University of Virginia Medical Center diagnosed "significant stenosis" by MRI, and proceeded with laminectomy surgery in 2011. (Report at 7-8). According to the magistrate judge, while Mr. Altizer experienced some continuing symptomatology after the surgery, his doctors recommended no more than

---

[1] In its notice denying review, the Appeals Council made reference to all of the medical reports submitted by Mr. Altizer after issuance of the Law Judge's opinion. (TR 2). However, not all of these reports are included in the administrative record submitted to the court for use in considering Mr. Altizer's appeal. Nevertheless, at oral argument in this case, the parties agreed that all of the "interim" medical reports are appended to plaintiff's motion for summary judgment filed in this court on January 21, 2015.

3

conservative treatment measures. (TR 7-8). As for the evidence submitted directly to the Appeals Council,[2] the magistrate judge opined that many of the new reports documented additional conservative treatment measures designed to relieve plaintiff's complaints of continuing pain, and that the reports did not reflect any more serious problems than those already considered by the Administrative Law Judge in denying plaintiff's entitlement to benefits. (Report at 10-15).

In objecting to the magistrate judge's recommendation, plaintiff argues that the Appeals Council improperly rejected his request for review based on the newly submitted evidence from his treatment providers. Plaintiff asserts that the Appeals Council and the magistrate judge apparently overlooked the fact that evidence developed both before and after issuance of the Administrative Law Judge's opinion establishes that, sometime after his back surgery, plaintiff was found to be suffering from the same condition which had necessitated the surgery several months earlier. Finally, plaintiff maintains that the Appeals Council failed to address on the merits a medical source statement from one of plaintiff's treating physicians, which was generated less than three months after the Law Judge rendered his opinion.

The court reviews, de novo, the magistrate judge's report and recommendation. See 28 U.S.C. § 636(b)(1). The court's review of the Commissioner's final decision is limited to a determination as to whether there is "substantial evidence" to support the Commissioner's conclusion that plaintiff failed to establish that he was disabled for purposes of his application for supplemental security income benefits. If such substantial evidence exists, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966). Stated

---

[2] The magistrate judge noted that many of the new submissions were actually included in the medical record considered by the Administrative Law Judge.

4

briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 400 (1971).

After a review of the record in this case, the court is constrained to conclude that plaintiff has established "good cause" for remand of his case to the Commissioner for additional development and consideration. The Administrative Law Judge found that plaintiff suffers from chronic back pain with radiculopathy into the left leg and depression, and that these problems render plaintiff disabled for past relevant work. The Law Judge ruled that plaintiff retains the capacity to perform light work activity which does not involve significant use of the back. As for plaintiff's residual functional capacity, the Law Judge determined that Mr. Altizer experienced some improvement in his back problems as a result of total laminectomies from L2 through L5 performed in September of 2011. (TR 25). The Law Judge listed the precipitating cause for surgery as multi-level degenerative disc disease. (TR 25). However, the operative note lists both the pre-op and post-op diagnoses as lumbar stenosis. (TR 333). In any event, the Law Judge essentially held that, at all relevant times following the surgery, Mr. Altizer has remained capable of controlling his continuing lower back discomfort through conservative treatment measures, including nerve blocks and epidural steroid injections. (TR 25).

The medical evidence submitted by plaintiff, at times both before and after issuance of the Administrative Law Judge's decision, offers a somewhat bleaker assessment. Though not recognized by either the Administrative Law Judge or the magistrate judge, an MRI in 2012 revealed recurrent spinal stenosis as a cause for plaintiff's continuing subjective symptomatology. (TR 454). In one of the reports submitted directly to the Appeals Council, an

5

anesthesiologist who scheduled a nerve block on March 15, 2013, several days prior to the issuance of the Administrative Law Judge's decision, reported that Mr. Altizer's CT myelogram showed severe [bilateral] neuroforaminal stenosis at L4/5. (TR 473). In another report by an anesthesiologist dated July 2, 2013, four months after the Law Judge's opinion was issued, it is again noted that Mr. Altizer's CT myelogram demonstrates severe bilateral neuroforaminal stenosis at L4/5. (Pl.'s Mem. Supp. Summ. J. Ex. A at 1). On that occasion, the assessment was "failed back surgical syndrome." (Pl.'s Mem. Supp. Summ. J. Ex. A at 2). Finally, in the medical source statement submitted directly to the Appeals Council, Mr. Altizer's treating osteopath reported that he is unable to sit or stand for more than about 2 to 4 hours in a regular work day because of the back condition. (Pl.'s Mem. Supp. Summ. J. Ex. A at 29-30).

In assessing the evidence submitted by Mr. Altizer after issuance of the Administrative Law Judge's opinion, the Appeals Council commented as follows:

> We considered the medical records from New River Valley Medical Center covering the periods from April 25, 2012 through May 16, 2012 (7 pages); and medical records from UVA covering the periods from March 15, 2013 through March 18, 2013 (5 pages). We considered whether the Administrative Law Judge's action, findings, or conclusion is contrary to the weight of evidence of record. We found that this information does not provide a basis for changing the Administrative Law Judge's decision.
>
> We also looked at the medical records from UVA covering the periods from April 2, 2013 through July 31, 2013 (28 pages) and the medical records dated June 11, 2013 from Dr. Jared March (4 pages). The Administrative Law Judge decided your case through March 28, 2013. This new information is about a later time. Therefore, it does not affect the decision about whether you were disabled beginning on or before March 28, 2013.

(TR 2).

The magistrate judge did not assess the records submitted directly to the Appeals Council as "new medical evidence," because many of those reports were already part of the record considered by the Law Judge. However, it is also clear that many of the new records were not considered by the Law Judge, most importantly, the medical source statement. Assuming that certain of the new reports submitted directly to the Appeals Council are best characterized as new evidence, the court believes that plaintiff has established "good cause" for remand of his case to the Commissioner for further consideration on the merits. In Borders v. Heckler, 777 F.2d 954, 95 (4th Cir. 1985), the United States Court of Appeals for the Fourth Circuit summarized the standards under which a motion for remand based on new evidence must be considered as follows:

> A reviewing court may remand a Social Security case to the [Commissioner] on the basis of newly discovered evidence if four prerequisites are met. The evidence must be "relevant to the determination of disability at the time the application was first filed and not merely cumulative." Mitchell v. Schweiker, 699 F.2d 185, 188 (4th Cir. 1983). It must be material to the extent that the [Commissioner's] decision "might reasonably have been different" had the new evidence been before her. King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Sims v. Harris, 631 F.2d 26, 28 (4th Cir. 1980). There must be good cause for the claimant's failure to submit the evidence when the claim was before the [Commissioner], 42 U.S.C. § 405(g), and the claimant must present to the remanding court "at least a general showing of the nature" of the new evidence. King, 599 F.2d at 599.

777 F.2d at 955.

In the instant case, it is clear that the new evidence was received by the Appeals Council, and that there can be no question as to the nature of the evidence. It is also beyond question that all the new reports were generated while the case was still before the Commissioner. Furthermore, inasmuch as it is undisputed that all of the new reports were developed in the

7

course of continuing treatment of plaintiff's severe lower back complaints, it is obvious that the new reports address the same issues that were adjudicated by the Administrative Law Judge.

As to the final element of the Borders inquiry, the court notes that the new evidence strongly suggests that, contrary to the opinion of the Law Judge, Mr. Altizer continues to suffer from the same narrowing of the spinal canal that necessitated surgical intervention in 2011. While the Law Judge felt that the surgery in 2011 remedied many of plaintiff's problems, the medical record now reflects that plaintiff suffers from a failed back surgical syndrome. Indeed, the Law Judge failed to note in his opinion that Mr. Altizer continues to suffer from severe bilateral neuroforaminal stenosis, a condition which can clearly be expected to result in significant subjective symptomatology.[3] Finally, the medical source statement provided by the osteopath, Dr. March, constitutes the only assessment of the functional impact of plaintiff's physical condition by a physician who has actually examined the claimant.[4] Thus, to the extent that the new reports submitted directly to the Appeals Council are best characterized as new medical evidence, and upon consideration of the Borders factors, the court believes that plaintiff has established "good cause" for remand of his case to the Commissioner for further and more detailed consideration of that evidence.

The court recognizes that the new submissions by plaintiff might arguably fall into a somewhat different category, inasmuch as the reports were first provided to the Appeals Council, and were actually referenced by the Appeals Council in its denial of plaintiff's request for

---

[3] It is well settled that in order for pain to be disabling, there must be objective medical evidence establishing some condition that could reasonably be expected to produce the pain alleged. Craig v. Chater, 76 F.3d 585, 592-93 (4th Cir. 1996); Foster v. Heckler, 780 F.2d 1125, 1129 (4th Cir. 1986).

[4] Under 20 C.F.R. § 416.927(c), it is provided that greater weight is generally given to opinions from physicians who have actually examined and treated a claimant than to opinions of physicians who have merely reviewed the medical record.

8

review. The court notes that the United States Court of Appeals for the Fourth Circuit was presented with a similar procedural scenario in a case cited by the magistrate judge, Meyer v. Astrue, 662 F.3d 700 (4th Cir. 2011). In that case, the Court made the following comments as to the assessment to be given to evidence submitted to the Appeals Council for its consideration in determining whether to review the opinion of an Administrative Law Judge:

> On consideration of the record as a whole, we simply cannot determine whether substantial evidence supports the ALJ's denial of benefits here. The ALJ emphasized that the record before it lacked "restrictions placed on the claimant by a treating physician," suggesting that this evidentiary gap played a role in its decision. Meyer subsequently obtained this missing evidence from his treating physician. That evidence corroborates the opinion of Dr. Weissglass, which the ALJ had rejected. But other record evidence credited by the ALJ conflicts with the new evidence. The Appeals Council made the new evidence part of the record but summarily denied review of the ALJ decision. <u>Thus, no fact finder has made any findings as to the treating physician's opinion or attempted to reconcile that evidence with the conflicting and supporting evidence in the record. Assessing the probative value of competing evidence is quintessentially the role of the fact finder. We cannot undertake it in the first instance. Therefore, we must remand the case for further fact finding</u>. (Emphasis added).

662 F.3d at 707.

In the instant case, it would seem that no fact finder has undertaken to determine what significance should be assigned to the fact that plaintiff still suffers from the same back diagnosis which led to earlier surgical intervention, and is now said to suffer from a failed back surgical syndrome. Perhaps more importantly, the evidence submitted to the Appeals Council now includes an assessment by a treating physician which helps the finder of fact understand the extent of physical disability occasioned by plaintiff's severe stenosis and the failed back surgical syndrome. Furthermore, the new evidence tends to dispel the notion that plaintiff's conservative treatment has resulted in significant relief of his lower back symptoms. As noted by the Court of Appeals, assessing the probative value of such evidence is "quintessentially the role of the fact

9

finder." The court is simply unable to conclude that this responsibility has been discharged at this point, or that plaintiff's claim has been given full consideration based on all the evidence now available as to the extent of his disability during the time period adjudicated by the Administrative Law Judge. Thus, the court finds "good cause" for remand of this case so that the appropriate fact finder can consider all the evidence now available for review.

After a de novo review of the record, the court is constrained to conclude that plaintiff's objections to the magistrate judge's report must be sustained. The court concludes that there is "good cause" for remand of the case to the Commissioner for further consideration as outlined in this opinion. If the Commissioner is unable to decide this case in plaintiff's favor on the basis of the existing record, the Commissioner will conduct a supplemental administrative hearing, at which both sides will be allowed to present additional evidence and argument. An appropriate judgment and order will be entered this day.

The Clerk is directed to send certified copies of this opinion to all counsel of record.

DATED: This 29th day of March, 2016.

*[signature]*
Chief United States District Judge